IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Brian Sprinkle, #209990, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 3:08-3912-TLW-JRM |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden Livesay Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, Brian Sprinkle ("Sprinkle"), is an inmate at the South Carolina Department of Corrections serving a sentence of twelve (12) years imprisonment for trafficking in marijuana, second offense. Sprinkle filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 which was received by the Court on December 10, 2008. Respondent filed a return and motion for summary judgment on May 12, 2009. Because Sprinkle is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on May 13, 2009 advising him of his responsibility to respond to the motion for summary judgment. Sprinkle filed his response to the motion on May 18, 2009.

**Background and Procedural History**

Sprinkle and two co-defendants were indicted by the State Grand Jury of South Carolina of

1

trafficking in more than ten pounds of marijuana on May 15, 2002.[1] The crime was alleged to have occurred between November 1, 2000 and April 27, 2001. Sprinkle and his co-defendants pled guilty pursuant to written plea agreements on April 14, 2003 in Spartanburg County. Sprinkle was represented by Michael Bartosh, Esquire. Even though Sprinkle had two prior drug convictions, it was stipulated that he was pleading guilty to a second offense subjecting him to a statutory sentencing range of not less than five years or more than twenty years imprisonment. (App. 13). The State recommended a sentence of fifteen years. (App. 14). Sprinkle was sentenced to twelve years. (App. 37).

Sprinkle filed a direct appeal by way of an Anders[2] brief through the South Carolina Office of Appellate Defense arguing that his guilty plea was involuntary. Based on Sprinkle's decision to withdraw the appeal, it was dismissed by the South Carolina Court of Appeals on December 8, 2003.

Sprinkle filed an application for post-conviction relief ("PCR") on December 12, 2003. (App. 40). An evidentiary hearing was held on September 20, 2005. Sprinkle was represented by Ricky K. Harris, Esquire. (App. 53). The PCR court issued an order of dismissal filed May 22, 2006. (App. 75). A Johnson[3] petition for writ of certiorari was filed in the South Carolina Office of Indigent Defense raising the following issue:

> Whether defense counsel was ineffective in giving petitioner incorrect sentencing advice prior to his guilty plea?

Pursuant to state procedure, Sprinkle filed a *pro se* brief raising the following issue:

---

[1] One co-defendant was also charged with a weapons offense.

[2] Anders v. California, 386 U.S. 738 (1967).

[3] Johnson v. State, 364 S.E.2d 201 (S.C. 1988); *see also* Anders v. California, 386 U.S. 738 (1967).

2

> Whether the Appellant's guilty plea was knowingly and intelligently entered where uncounseled convictions were used to enhance the Appellant's sentence in violation of Boykin v. Alabama.

Sprinkle's *pro se* brief contained an "affidavit" of Jenna Harris concerning the unavailability of transcripts relating to Sprinkle's prior drug convictions. The State moved to strike the affidavit. The South Carolina Supreme Court denied the motion to strike by order dated September 21, 2007. The petition for writ of certiorari was denied by order dated March 19, 2008.

## Grounds for Relief

In his present petition, Sprinkle asserts that he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:** Involuntary Plea

    (a) Petitioner's guilty plea was not knowingly and intelligently entered because the State used prior uncounseled convictions and a silent record to enhance petitioner's sentence which is in violation of petitioner's 5th and 14th Amendment rights of the United States Constitution.

**Ground Two:** Ineffective Assistance of Counsel

    **(a)** Trial counsel failed to file a timely motion as to objection of the prior convictions where no record of counsel is available from those prior convictions and bond forfiture (sic).

## Discussion

Since Sprinkle filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d),

as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). *See* Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521.

4

**1. Involuntary Guilty Plea**

Sprinkle asserts that his plea was involuntary "because the State used prior uncounseled convictions and a silent record to enhance [his] sentence." This claim was addressed by the PCR court and raised in Sprinkle's *pro se* brief. However, Respondent asserts that the claim is procedurally barred because it was not preserved for review on direct appeal at the plea hearing.

A guilty plea to be valid must be the informed, voluntary decision of a competent defendant who has the opportunity to receive the advice of a reasonably competent attorney. A defendant must be informed of the charges against him and the protections afforded by the United States Constitution. Boykin v. Alabama, 395 U.S. 238 (1969) and Henderson v. Morgan, 426 U.S. 637 (1976). The defendant must be informed of the direct consequences of his plea such as the maximum sentence and any applicable mandatory minimum sentence. A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970).

In addressing this claim, the PCR court cited the standard of Boykin v. Alabama, but held that under state procedure a PCR applicant is required to raise the issue of involuntariness of his guilty plea as a claim of ineffective assistance of counsel. (App. 76). A defendant may raise the issue of an involuntary guilty plea on direct appeal only if it is properly preserved at the plea hearing. *See* State v. Bickham, 381 S.C. 143, 147, 672 S.E.2d 105, 107, n. 2 (2009) citing State v. McKinney, 278 S.C. 107, 292 S.E.2d 598 (1982).

Review of the plea transcript shows that Sprinkle was fully advised of the consequences of his plea and that he knowingly pled guilty to a second offense. Thus, even if considered on the merits, his claim that his guilty plea was involuntary, would not entitle Sprinkle to relief.

## 2. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

6

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. *See* Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

Ineffective assistance of counsel claims may be asserted in limited circumstances where the petitioner has entered a plea of guilty. A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann." Tollett v. Henderson, 411 U.S. 258, 267 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. Hill v. Lockhart, 474 U.S. 52, 56 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent, i.e., the first prong of the Strickland test. Under this prong, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. The prejudice prong of the Strickland test is modified and the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

Sprinkle argues that his attorney was ineffective for failing to object to the use of his prior

7

drug convictions to enhance his sentence because there was "no record of counsel...available from those prior convictions and bond" forfeitures. At the plea hearing, Sprinkle's prior convictions were identified from his NCIC report. In 1987 Sprinkle pled guilty to the lesser included offense of possession of cocaine and was sentenced to one year imprisonment suspended with 18 months probation with community service. In 1992 Sprinkle pled guilty to possession of marijuana, second offense and was sentenced to three months confinement followed by two years of probation. (App. 55-56). Sprinkle testified that he was not represented by counsel on either of these charges. (App. 59-60). Counsel testified that, "I don't think we discussed anything about the circumstances of the two priors." (App. 69). The PCR court found Sprinkle's testimony to be not credible and found "that plea counsel's testimony that Applicant had two priors was credible and further plea counsel's reliance on the NCIC report was reasonable." (App. 78). The PCR court then applied the principles of Strickland, Hill, and Boykin.

The Sixth Amendment right to counsel makes it "unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one." Gideon v. Wainwright, 372 U.S. 335 (1963). Further, a conviction obtained in violation of Gideon cannot be used to either support guilt or enhance the sentence for a subsequent offense. Burgett v. Texas, 389 U.S. 109 (1967). Under this rationale, "(w)hen an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand habeas and habeas relief is appropriate." Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001). Conclusory and unsupported allegations are insufficient to overcome the presumption that a state court followed the law by informing the defendant of the right to counsel, appointing counsel

8

to represent him, or obtain a waiver of the right to counsel. Parke v. Raley, 506 U.S. 20 (1992). However, it is not required that an indigent defendant charged with a misdemeanor be appointed counsel where a term of imprisonment is not imposed. Scott v. Illinois, 440 U.S. 367 (1979). Further, a prior "uncounseled misdemeanor conviction, valid under Scott because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction." Nichols v. United States, 511 U.S. 738 (1994).

Sprinkle had the burden of proving at the PCR hearing that his plea attorney was ineffective. Bulter v. State, 286 S.C. 441, 334 S.E.2d 813 (1985). The only evidence Sprinkle presented was his testimony that he was not represented by an attorney at his 1987 and 1992 guilty pleas. The PCR court found his testimony to be not credible. The court further found that his claim of ineffective assistance of counsel was "wholly without merit" (App. 77), and that he "failed to prove that plea counsel was deficient in any aspect of his representation," citing Strickland and Hill. (App. 78).

In order to prevail, Sprinkle was required to show that his plea attorney was ineffective for not challenging both of the prior convictions since Sprinkle pled to a second, and not a third offense, with respect to the sentence he is now challenging. It is unclear whether the prior convictions were felonies or misdemeanors. Assuming both prior convictions were felonies, Sprinkle has not overcome the presumption of regularity of the state court process. If Sprinkle's 1992 conviction for possession of marijuana, second offense, was a misdemeanor, he has not shown that appointment of counsel was required because he was not sentenced to imprisonment.

## Conclusion

Based on a review of the record, it is recommended that Respondent's motion for summary

judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

$$\text{_____}$$
Joseph R. McCrorey
United States Magistrate Judge

November 12, 2009
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).